Labatjve, J.
This is a suit in partition of a plantation, owned in common between the parties, two of whom only, A. P. Marionneaux and Lydia Maillan took this appeal, and made the plaintiff, Andrew EC. Gay, alone appellee, in favor of whom they gave the appeal bond.
, The said appellee now moves to dismiss this appeal, on the ground that “ all thé parties interested in the judgment, and who are to be affected thereby, are not parties to the appeal.”
It is clear that the other common owners, who are also parties in this partition, not being included in the bond, are not before us as appellees. tó'R. 203; 10 A. 232; 11 A. 409; 12 A. 71; 13 A. 392; 14 A. 315-688.
But it is contended by the appellants that, as the parties, not cited, a^earéd before the notary and signed the proees-verbal of partition, they have assented to the judgment, from which appellants took this appeal; and that, if they were before this Court, the said parties could not urge anything against the judgment.
It is a well-settled rule of law, that a partition cannot subsist for one *359 and be annulled for another. C. C. Art. 1450. If the position of the appellants be correct, the partition would be set aside as between the plaintiff and appellants, and remain undisturbed as regards those not before this Court; because the appeal, being one of the modes pointed out to reverse a judgment, would have the effect, if successful, to. annul' the partition. C. P., Arts. 556, 564.
Besides the Court is inclined to the opinion that the judgment appealed, from, dated 15th of May, 1867, aud rendered while the partition was progressing before the notary, under Arts. 1270, 1290, C. C., was interlocutory, and not final. According to said article, all orders and rulings,,, of courts rendered on all contestations pending the operation of the partitionbefore the notary are interlocutory, and any party feeling aggrieved^ has his remedy, and may he relieved when the partition is presented for final homologation, and it is from the judgment thus rendered that an1^ appeal would lie, subjecting the whole proceedings and all interlocutory’ orders to the revision of this Court. We think that the following authorities support the doctrine herein announced: C. C., Arts. 1270, 1290,. 1297, 1298, 1299; 1 R. 415; Code of Practice, Arts. 1028, 1029, 1030; C." C., Art. 1304. '
The final judgment rendered on the 12th August, 1867, homologating the partition, not being appealed from, is not before this court, and cannot be revised by us.
Appeal dismissed, at the costs of, the appellants.